IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ROBERTO D. CABRAL
ADC #120962

PETITIONER

vs.                          2:08CV00010 JTR

LARRY NORRIS, Director
Arkansas Department of Correction                     RESPONDENT

## MEMORANDUM ORDER

### I.  Background

Pending before the Court is a §2254[1] Petition for a Writ of Habeas Corpus filed by Petitioner, Roberto D. Cabral.  (Docket entry #1).  Respondent has filed a Response (docket entry #7) and Petitioner has filed a Reply.  (Docket entry #16).  Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will briefly review the relevant procedural history of the case.  On June 14, 2001, Petitioner was convicted of first-degree murder in Benton County Circuit Court and sentenced to forty (40) years in the Arkansas Department of Correction ("ADC").  (Docket entry #7).

He appealed his conviction to the Arkansas Court of Appeals where he argued that the trial court erred: (1) in granting the State's motion in limine to allow a prior statement of the victim; and (2) in denying his motion for directed verdict.  (Docket entry #7, Exhibit D).  After reviewing the record, the Arkansas Court of Appeals held that Petitioner waived his right to appeal the trial court's

_____

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #9).

ruling on the motion in limine[2] and he was procedurally barred from challenging the trial court's ruling on his motion for directed verdict.[3]  *Id.*

Petitioner then timely filed a petition for postconviction relief with the trial court pursuant to Ark. R. Crim. P. 37.1.  (Docket entry #7, Exhibit H).  In his Rule 37 Petition, he maintained that trial counsel rendered ineffective assistance because: (1) he failed to object to the relevancy of certain firearms that were introduced during trial; (2) he failed to move for a directed verdict on the lesser-included offenses of first-degree and second-degree murder; (3) he failed to obtain a ruling on the State's motion in limine to allow the victim's aunt, Rosa Flores's, to testify about what the victim told her; and (4) he failed to object to the relevancy of testimony given by Cynthia Manjarres.  *Id.*  After the trial court denied the Petition, he appealed to the Arkansas Supreme Court.  *Id.*  On February 1, 2007, the Court affirmed the trial court's denial of the Rule 37 Petition.  *Robert D.*

---

[2]  The State's motion in limine sought to introduce statements made by the victim to her aunt, Rosa Flores, approximately nine (9) days prior to her murder.  (Document entry #7, Exhibit D).  The trial court declined to rule on the motion in limine prior to trial but stated that it would address the issue as it arose during Ms. Flores' testimony.  *Id.*  Because Petitioner's attorney failed to raise any objection to the testimony during the trial, the Arkansas Court of Appeals ruled that the argument was not preserved for appeal.  *Id.*, *see also Slocum v. State,* 325 Ark. 38, 924 S.W.2d 237 (1996)(holding that a specific objection during trial is necessary in order to preserve issue for appeal).

[3]  Petitioner claimed that the trial court erred in denying his motion for directed verdict, which challenged the sufficiency of the evidence.  While Petitioner was charged with with capital murder, the jury convicted him of first-degree murder, which is a lesser-included offense.  (Document entry #7, Exhibit D).  The Arkansas Supreme Court has held that to preserve a challenge to the sufficiency of the evidence supporting a conviction for a lesser-included offense, defendants are required to anticipate and address the lesser-included offense in their motion for a directed verdict.  *Id.*, *see also Ramaker v. State*, 345 Ark. 225, 46 S.W. 3d 519 (2001).  Because Petitioner failed to address first degree murder in his directed verdict motion, and, instead only addressed capital murder, the Arkansas Court of Appeals found that he was procedurally barred from challenging the trial court's denial of the directed verdict motion.  *Id.*  Moreover, the Court found that, even if it was able to reach the merits of Petitioner's argument, it would affirm because there was substantial evidence to support his conviction for first degree murder.  *Id.*

*Cabral v. Arkansas*, 2007 WL 273941 (2007)(unpublished).

On January 28, 2008, Petitioner filed this federal habeas action, in which he asserts the following grounds for relief: (1) he was denied his right to confront adverse witnesses, as guaranteed by the Sixth Amendment; (2) his trial counsel was ineffective for failing to raise the Sixth Amendment issue; (3)  his waiver of his *Miranda* rights was involuntary and therefore, not valid; (4) his trial counsel was ineffective for failing to challenge the validity of his waiver of his *Miranda* rights; (5) his trial counsel was ineffective for failing to investigate the State's pathology report; (6) his statement was involuntary because he made it while he was under the influence of medication; (7) his trial counsel was ineffective for failing to challenge the involuntary statement; (8) his trial counsel was ineffective for failing to object to the introduction of Petitioner's hand guns; (9) his trial counsel was ineffective for failing to move for a directed verdict on first- and second-degree murder; (10) his trial counsel was ineffective for failing to obtain a ruling on the State's motion in limine concerning Rosa Flores' testimony; (11) his trial counsel was ineffective for failing to object to Cynthia Manjarrez's testimony; and (12) actual innocence.  (Docket entry #1).

Respondent argues that all of Petitioner's habeas claims are procedurally defaulted, without merit, or were reasonably adjudicated in state court.  (Docket entry #7).

For the reasons explained below, the Court concludes that Petitioner's habeas claims are procedurally defaulted and without merit.

## II.  Discussion

### A.    Petitioner's First Seven Habeas Claims are Barred by Procedural Default.

Petitioner did not raise any of his first seven habeas claims in his direct appeal to the Arkansas Court of Appeals, or in his subsequent Rule 37 Petition and appeal to the Arkansas

Supreme Court.  (Docket entry #7).  A petitioner must present his habeas claims to the state's highest court as a prerequisite for having those claims reviewed in a federal habeas action.  *See Moore-El v. Luebbers*, 446 F.3d 890, 896-97 (8th Cir. 2006) (habeas petitioner "must present both the factual and legal premises" of the claim to each appropriate state court and afford those courts "a 'fair opportunity' to review its merits" - where a petitioner fails to follow applicable state procedural rules in raising claims they are procedurally defaulted); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005), cert. denied, 126 S. Ct. 1569 (2006) (failure to raise post-trial ineffectiveness claims in appeal constituted procedural default).

Petitioner clearly failed to raise any of his first seven claims for habeas relief in the arguments he made on direct appeal to the Arkansas Court of Appeals, or in his Rule 37 Petition. Accordingly, he has procedurally defaulted those claims.

Notwithstanding his procedural default, the Court can still proceed to reach the merits of those claims if Petitioner demonstrates the cause and prejudice exception to the procedural default rule.  To establish "cause," petitioner must "show some objective factor external to the defense" that impeded his ability to comply with state procedures. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice.  *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995).

In his habeas Petition and Reply, Petitioner does not provide any "cause" for his failure to raise those claims on direct appeal or in his Rule 37 Petition.  (Docket entry #1, #16).  Accordingly, Petitioner has failed to establish "cause" sufficient to excuse his procedural default.[4]

---

[4] In his twelve habeas claims, he makes the conclusory assertion that his actual innocence overcomes any procedural default.  Actual innocence is an independent basis for seeking habeas relief, not a separate basis for avoiding the cause and prejudice exception to

**B.**    **Because Petitioner's Habeas Claims Eight (8) through Eleven (11) were Properly Resolved By the Arkansas Supreme Court, They Fail on the Merits.**

Petitioner properly raised habeas claims eight (8) through eleven (11) in his Rule 37 Petition and each were adjudicated and denied by the Arkansas Supreme Court.   Pursuant to 28 U.S.C. § 2254(d)(1), a federal court can grant a habeas claim only if the state court's resolution of that issue was "(1) contrary to, or (2) involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."   Under the "contrary to" prong of this test, a state court's decision is "contrary to" federal law if "the state court arrives at a conclusion opposite to that reached by this Court [the United States Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."   *Williams v. Taylor*, 529 U.S. 362, 364(2000).

Habeas claims eight (8) through eleven (11) each involve Petitioner allegedly receiving ineffective assistance of counsel.   In addressing those four issues, the Arkansas Supreme Court unquestionably applied the correct ineffective assistance of counsel standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   *See Cabral v. State,* 2007 WL 273941(2007)(unpublished). Thus, the Court concludes that Petitioner's argument fails under the first prong of the test in § 2254(d)(1).

Next, the Court must determine if the Arkansas Supreme Court's denial of Petitioner's four ineffective assistance of counsel arguments "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 365.   The Arkansas Supreme Court first addressed whether Petitioner's counsel was

---

procedural default.

ineffective for failing to object to his client's handguns being admitted into evidence. *State v. Cabral*, 2007 WL 273941 at *4. The Court held that Petitioner "failed to show how the introduction of the guns resulted in prejudice to the defense and failed to show a basis for the court's granting an objection to introduction of the firearms." *Id*. Moreover, the Court found that the trial counsel's failure to object may have been a matter of trial strategy and "[m]atters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel." *Id. citing Noel v. State,* 342 Ark. 35, 26 S.W.3d 123 (2000). Thus, the Court concluded that Petitioner's counsel's actions did not satisfy either prong of *Strickland*.

Second, the Arkansas Supreme Court addressed whether Petitioner's trial counsel erred when he failed to move for a directed verdict on the lesser-included offenses of first-degree and second-degree murder; thereby preventing appellate review of Petitioner's claim that substantial evidence did not support those lesser-included offenses. *State v. Cabral*, 2007 WL 273941 at *5. On direct appeal, the Arkansas Court of Appeals held that "'even if [it] were able to reach the merits of appellant's argument [regarding the lesser-included offense of first degree murder, it] would affirm because there is substantial evidence to support the conviction.'" *Id.* The Arkansas Supreme Court concluded that this statement by the Court of Appeals showed that the failure of counsel to seek a directed verdict did not amount to ineffective assistance of counsel. *Id.* The Arkansas Supreme Court also went on to find that: (1) Petitioner "failed to show a basis for granting a directed verdict on the charge of second degree murder," and (2) Petitioner failed to show how he suffered prejudice as a result of trial counsel's action. *Id.*

Third, the Arkansas Supreme Court addressed whether Petitioner's trial counsel was

ineffective because he failed to obtain a ruling on the State's motion in limine to allow certain testimony by Rosa Flores and because he failed to renew his objection to her testimony at trial. *State v. Cabral*, 2007 WL 273941 at *7.  Rosa Flores was the victim's aunt. *Id.*  She testified that, nine days before her niece was killed, she told her that she feared the Petitioner. *Id.*  In its motion in limine, the State argued that the victim's statements were admissible under Ark. R. Evid. 803(3),to establish an unavailable declarant's then-existing state of mind. *Id.*  The Arkansas Supreme Court concluded that Petitioner failed to "show a factual or legal basis for granting an objection to Ms. Flores' testimony, and failed to show how he suffered prejudice as a result of trial counsel's action." *Id.*  The Court noted that it "has long held that Rule 803(3) allows testimony of a victim's fear for his or her life prior to being murdered." *Id. citing Vasquez v. State*, 287 Ark. 468 S.W.2d 655(1990).

Finally, the Arkansas Supreme Court addressed whether Petitioner's trial counsel was ineffective for failing to object to the relevancy of Cynthia Manjarres' testimony regarding an incident in which Petitioner held a gun to the victim's head and then to his own head. *State v. Cabral*, 2007 WL 273941 at *8.  The Court found that Petitioner failed to show a valid basis for making an objection to Ms. Manjarres' testimony that would have been sustained: It stated "[t]rial counsel is not ineffective for failing to make an argument that is meritless, either at trial or on appeal." *Id.* citing *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).

This Court concludes that the Arkansas Supreme Court's resolution of Petitioner's four ineffective assistance of counsel arguments is not "unreasonable" under the second prong of § 2254(d)(1).  Accordingly, Petitioner has failed to meet either prong of the test under § 2254(d)(1), and his habeas claims eight (8) through eleven (11) fail on the merits.

### C.  Petitioner's Habeas Claim Twelve (12) Fails on the Merits.

"In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction."  *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001); *see also Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime"); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.").  Petitioner has not set forth any new evidence establishing his actual innocence.  Instead, Petitioner has simply argued the same facts and evidence that was presented at his trial. Therefore, Petitioner has failed to establish a valid claim of actual innocence and his claim fails on the merits.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 24th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE